The opinion of the Court was delivered by
Withers, J.
The plaintiffs were mortgagees of a printing press and its appendages, which were in possession of defendant. They were about to sell the mortgaged property, and at the instance of defendant were enjoined by the Commissioner in Equity, the defendant having first executed, to wit: in September, 1847, a bond in favor of these plaintiffs, in the penal sum of fourteen hundred dollars, with the following condition as a defeasance, that is to say: “ The condition of this obligation is such, that if the said printing establishment and its appendages shall be forthcoming to answer the decree of the said Court in the said cause, if the same shall be adverse to the claim of the plaintiff Baird, and if the said printing establishment and its appendages, when so produced, shall be in as good condition as they are now in, and shall be of the value of seven hundred dollars, the valuation now placed upon them, with the consent of the said Baird,” andsoforth.
In June, 1849, a decree, adverse to the claim of Baird, was pronounced; the mortgaged property was required to be pro duced, and in September, 1849, was sold for $165 by the agent of plaintiffs, the mortgagees, the defendant in this action being the purchaser at that price : he and one of the plaintiffs being the only rival bidders among some half dozen persons who attended the sale.
*158 The bond already referred to is the cause of action now ; the breach charged is, that the printing establishment and its appendages, when produced by defendant, were not of the value of $700, but on sale produced only $165. The traverse of the breach is, that they were worth $700 when produced; and upon this issue is joined.
The contest is upon the question, whether the sale is sufficient and conclusive evidence of the breach alleged, as the plaintiffs urged below, and affords the true measure of damages; or (as defendant contended) whether other evidence of the actual value of the property, should not be required to meet the true interpretation of the bond. The judgment of the Circuit Court was with the defendant; other evidence was produced on both sides; the whole being referred to the jury, led them to estimate the value of the mortgaged property, when produced, at $600, and they found for the plaintiffs a verdict for one hundred dollars.
The appeal to this Court rests upon the question stated ; and it is urged to us that the sale furnishes the true and only standard of damages.
We cannot concur in this view for the plaintiffs.
The recital found in the condition of the bond puts the fact beyond question, (even allowing that the obligatory words of the condition do not,) that the period of time when the value of the property was to be ascertained, that is to say whether it was below or equal to $700, was when the same should be produced ; and that was to be done when and if the decree of the Court of Equity should be adverse to the defendant. The language in the recital is, when produced to be in as good condition as they are now in, and to be then of value equal to their present value.”
The defendant could not enforce a sale of this property under the mortgage in behalf of the plaintiffs. Suppose it never had been sold ; or the equity of redemption being released, the plaintiffs had taken possession of it as their own, or had otherwise acquired the entire interest, here would be a case in which no standard of damages could be derived from a sale. When the *159 press and. appendages had been produced by defendant, suppose another injunction upon a sale had been obtained by a third person, and the sale thus delayed for a long space of time, is it not manifest that the defendant would have been liable nevertheless, on the terms of his bond, if the value of the property, when he produced it, should be proved to be below the standard of $700? Then it follows that a sale could not have been the only means of ascertaining whether the defendant had become liable for a depreciation of value below the fixed sum.
We think, therefore, the Circuit Court was right in admitting other evidence, in addition to that afforded by the sale, to determine the question whether the property in question was worth $700 “ when produced,” and if not, to designate how much less. Upon all the evidence adduced the jury have concluded that there had been a depreciation of $100, and so much they have found for the plaintiffs.
We stand uncommitted upon any question that may be hereafter raised, in a like case, as to the power of a Commissioner in Equity to take such a bond under the statutes authorizing him to grant injunctions; as to the right of an obligee to enforce such a bond at law; as to the right to do so until authorized so to proceed by order or permission of the Court of Equity; and as to what pleading may exclude such objections.
In this case we think justice between the parties has been reached on circuit, in conformity to law, and therefore the motion is refused.
O’Xeall, Evans, Wardlaw, Frost and Whitner, JJ.— concurred.

Motion refused.